**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| PARKS PHARMACY, INC. AND DEMETRIUS YVONNE PARKS, | |
| Plaintiffs, | CASE NO. 2:17-cv-503 |
| vs. | |
| CARDINAL HEALTH, INC., | |
| Defendant. | |

### NOTICE OF REMOVAL

Defendant Cardinal Health, Inc.[1] ("Cardinal Health") removes this action from the Circuit Court of Montgomery County, Alabama, Case No. 03-CV-2017-900945.00, to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. In support of removal, Cardinal Health states as follows:

**I.   STATUS OF STATE COURT ACTION**

1. On June 21, 2017, Plaintiffs Parks Pharmacy, Inc. ("Parks Pharmacy") and Demetrius Yvonne Parks ("Ms. Parks") (collectively, "Plaintiffs") filed this suit against Cardinal Health in the Circuit Court of Montgomery County, Alabama.

2. On June 27, 2017, Cardinal Health was served with a Summons and a copy of the Complaint. (Declaration of Todd Cameron ("Cameron Decl.") at ¶ 2, attached as Ex. A).

3. A copy of the Summons and Complaint and all other process, pleadings,

---

[1] The Complaint identifies the Defendant as Cardinal Health, Inc.; LeaderNET, the business name of Cardinal Health, Inc., d/b/a LeaderNET. As such, Cardinal Health, Inc. is the only entity named; the other is identified only as a d/b/a. Regardless, the Complaint alleges that both are headquartered in Ohio. (Compl. at ¶ 3).

and orders served on Cardinal Health are attached to this Notice of Removal as Exhibit B, as required by 28 U.S.C. § 1446(a).

4. No responsive pleadings have been filed by Cardinal Health in the state court action.

5. As stated in more detail below, this case is properly removed pursuant to 28 U.S.C. § 1441 because Cardinal Health has satisfied the procedural requirements for removal and because this Court has diversity jurisdiction over this action, which involves citizens of different States and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

## II. CARDINAL HEALTH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This suit was filed on June 21, 2017. Cardinal Health was served with a Summons of the Complaint on June 27, 2017. (Cameron Decl. at ¶ 2). Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it being filed within 30 days of service.

7. Venue in this Court is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Montgomery County, Alabama, is located within the Middle District of Alabama. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

8. No previous notice of removal has been filed.

9. In accord with 28 U.S.C. § 1446(d), Cardinal Health served Plaintiffs with a copy of the Notice of Removal and filed a copy of the Notice of Removal in the Circuit Court for Montgomery County, Alabama.

## III. DIVERSITY JURISDICTION

10. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. Cardinal Health, Inc. is an Ohio corporation with its principal place of business in Dublin, Ohio. (Cameron Decl. at ¶ 3). Therefore, Cardinal Health is a citizen of Ohio for diversity purposes under 28 U.S.C. § 1332(c)(1).

12. Plaintiffs are residents of Montgomery County, Alabama. (Compl. ¶ 2).

13. Based on the above, there is complete diversity of citizenship.

14. "'Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must provide by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp.2d 995, 998 (M.D. Ala. 2009).

15. "The . . . removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

16. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). A court need not "suspend reality or shelve common sense" in determining whether the jurisdictional amount is met. *Roe*, 637 F. Supp.2d at 999. Thus, for example, the Court in *Roe* held that it would not be speculative, and the court could use common sense, to conclude that

a dispute in which the alleged wanton conduct of a large company resulting in a death indisputably satisfies the jurisdictional amount. *Id.*

17. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka*, 608 F.3d at 754. The jurisdictional requirements of removal do not limit the types of evidence that can be submitted to establish the amount in controversy. *Id.* at 755. "Defendants may introduce their own affidavits, declarations, or other documentation." *Id.*

18. In this instance, the preponderance of the evidence from both the face of the Complaint, and the additional evidence submitted with this notice of removal, demonstrates that the amount in controversy exceeds $75,000.

19. The Complaint alleges that Plaintiffs and Cardinal Health "entered into a pattern of business transactions, which included certain agreements between the Plaintiffs and Defendants." (Compl. ¶ 6). It further alleges that "they had certain agreements with Defendants for provision by Defendants of medications and supplies for individuals and managed care contracts." (*Id.* at ¶ 26).

20. Plaintiffs allege that they "became very dependent upon the Defendants for the provision of their medications and supplies." (Compl. at ¶ 7).

21. Since June 1, 2016, Parks Pharmacy purchased over $250,000 in pharmaceutical products from Cardinal Health net of returns. (Cameron Decl. at ¶ 4). Since the parties began doing business in early 2014, Parks Pharmacy has purchased over $2 million in pharmaceutical products from Cardinal health net of returns. (*Id.*).

22. Cardinal Health terminated sales and distribution of pharmaceutical products to Parks Pharmacy on November 1, 2016 based upon the suspension of Ms.

4

Parks' pharmacy license and concerns over certain state and federal regulatory issues, among others, including various violations identified in a Final Order from the Alabama Board of Pharmacy dated October 6, 2016. (Cameron Decl. at ¶ 5).

23.     Cardinal Health further sent Plaintiffs a letter dated April 14, 2017 that stated Plaintiffs were being removed from the roster of LeaderNET pharmacies and would lose access to hundreds of major Managed Care plans as a member of Cardinal Health's Managed Care program. (Compl. Ex. C).

24.     Plaintiffs allege that Cardinal Health ceased doing business with them in breach of the parties' various agreements. (Compl. at ¶¶ 11, 27).

25.     They also claim that Cardinal Health tortiously interfered with their business relationships with customers and their contractual relationships with insurance companies through termination of the various agreements. (Compl. at ¶¶ 15-16, 20, 23).

26.     Implicit in these allegations is that, by terminating the agreements, Cardinal Health prevented Plaintiffs from purchasing pharmaceutical products to sell to its customers resulting in lost sales, and terminated Plaintiffs' contractual relationships with various managed care plans by which they would get reimbursed for selling pharmaceutical products to customers. Although Cardinal Health intends to fully defend these allegations in this matter, the millions of dollars of product historically purchased by Plaintiffs from Cardinal Health evidences that the threshold amount in controversy of $75,000 is met.

27.     Plaintiffs also allege they have been "enormously damaged by Defendants' tortious interference" and "greatly and irreparably damaged and injured" as a result of the alleged breach of contract. (Compl. at ¶¶ 21, 24, 29).

611057014.3

28. Based upon the historical volume of business done between the parties (in the millions of dollars), and Plaintiffs' allegations that they have been "enormously" and/or "greatly" damaged by the alleged conduct, this Court can use "reasonable deductions, inferences, and extrapolations," as well as common sense, to conclude that the jurisdictional requirement is met in this case.

29. Accordingly, Plaintiffs' claims comprise an "amount in controversy" in excess of $75,000, exclusive of interest and costs.

30. Therefore, under Section 1332 of Title 28, United States Code, this Court has subject matter jurisdiction over this civil action.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond ((ASB-366-D30W)
FordHarrison LLP
420 20th Street, Suite 2560
Birmingham, AL 35203
Telephone: 205.244.5905
WRedmond@fordharrison.com

Counsel for Defendant Cardinal Health, Inc.

611057014.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by first class U.S. Mail, postage pre-paid, upon the following on July 26, 2017:

| | |
|---|---|
| Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 S. Perry Street<br>P.O. Box 64<br>Montgomery, Alabama 63101<br>julianmcphillips@msg.com<br><br>Tanika L. Finney<br>Law Office of Tanika L. Finney<br>2927 Brevard Ave.<br>Montgomery, Alabama 31609<br>Tanika@TLFinneylaw.com<br><br>*Attorneys for Plaintiff* | |

/s/ Wesley C. Redmond
Wesley C. Redmond

WSACTIVELLP:9275350.1

611057014.3