

ELECTRONICALLY FILED
6/21/2017 3:40 PM
03-CV-2017-900945.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Parks Pharmacy, Inc.; )<br>Demetrius Yvonne Parks, )<br>the business name )<br>of Parks Pharmacy, Inc. )<br>d/b/a Parks Pharmacy #4 )<br> )<br>    Plaintiffs, )<br> )<br>vs. )<br> )<br>Cardinal Health, Inc.; )<br>LeaderNET, the business name )<br>of Cardinal Health, Inc., )<br>d/b/a LeaderNet, )<br> )<br>    Defendants. ) | Case No _____ |

## COMPLAINT

COME NOW, the Plaintiffs, Parks Pharmacy, Inc. and Demetrius Yvonne Parks, by and through the undersigned counsel, and hereby file the following complaint against Cardinal Health, Inc. and Leadernet.

### I. Venue

1.  Venue is proper in Montgomery County, Alabama because the Defendants did business in Montgomery County, Alabama and specifically did business with the

Plaintiffs in Montgomery County, Alabama. In fact, the Defendants' representative came to Montgomery County, Alabama to solicit and entice Plaintiffs' business. Also, the Defendants cite, as reason for the cessation or termination of providing supplies to the Plaintiff, that certain events occurred in Alabama, causing the Defendants to cease business with the Plaintiffs. Further, the primary causes of action asserted in this complaint, named (a) tortious interference with business relations, and (b) tortious interference with a contract, and (c) breach of contract occurred primarily in Montgomery County, Alabama and many witnesses from Alabama will be necessary in this litigation.

## II. Parties

2. The Plaintiffs, Parks Pharmacy, Inc. and Demetrius Yvonne Parks, are residents of Montgomery County, Alabama, and are hereinafter referred to jointly as "the Plaintiffs."

3. The Defendants, Cardinal Health, Inc. and LeaderNET, are believed to be corporations or other business entities headquartered in Dublin, Ohio, and hereinafter referred jointly to as "the Defendants."

## III. Facts

4. On or about May 2014, the Defendants, via a representative from Birmingham, Alabama, came to Montgomery, Alabama to solicit business from the Plaintiffs.

5. The Plaintiffs soon appreciated how valuable, and eventually necessary, the medications being offered for sale by the Defendants were to the Plaintiffs' business, and in fact by their orders to the Defendants, provided the Defendants with ample business.

6. Hence, the Plaintiffs and the Defendants entered into a pattern of business transactions, which included certain agreements between the Plaintiffs and Defendants.

7. Over the course of time, the Plaintiffs eventually became very dependent upon the Defendants for the provisions of their medications and supplies.

8. Unfortunately, due to rivalries from competitor businesses with better connections to the Alabama Board of Pharmacy (ALBoP) and due to misrepresentations of facts by certain agents of ALBoP, the Plaintiffs were portrayed in an untrue, negative light, which caused ALBoP to pursue legal actions against the Plaintiffs, resulting in various penalties.

9. The Plaintiffs however, appealed the ruling of ALBoP to the Circuit Court of Montgomery County, Alabama, which issued a stay on December 1, 2016 of the adverse ruling of ALBoP and supplemented its stay on January 5, 2017 (See copies of orders attached - Exhibit A and B.)

10. Unfortunately, it also appears that a certain investigator of ALBoP encouraged a private Montgomery attorney to solicit an elderly Montgomery resident, Sarah Tate, to be an alleged class action plaintiff against the Plaintiffs. Said attorney called a news conference in October 2016 upon the October 2016 filing of the Sarah Tate lawsuit, alleging violation of HIPPA laws, medical malpractice laws, and other legal

wrongdoings. Ultimately, however, the Plaintiffs filed a motion for summary judgment, which was granted in all aspects May 2017, resulting in the dismissal of the entire Sarah Tate lawsuit.

11. Nonetheless, agents of the Defendants have cited the reported alleged HIPPA violations and medical malpractice as reasons for ceasing business with the Plaintiffs.

12. Notwithstanding, the Plaintiffs made multiple efforts, personally by Demetrius Parks and through legal representatives of the Plaintiffs, to reinstate their business relationship with the Defendants.

13. In fact, on May 5, 2017, the Plaintiffs' attorney, Julian McPhillips, wrote Mr. Myles Hoover, Vice President of Marketing Product Management, Cardinal Health – Leadernet in Dublin, Ohio (See copy of letter attached - Exhibit C.) However, Mr. Hoover, representative of the Defendants, responded that the Plaintiffs' attempts to invoke the grievance procedure of Section 24 of the Participation Agreement between Leadernet and Parks Pharmacy was futile because said agreement does not apply to the termination of the agreement by Leadernet (See copy of letter attached - Exhibit D.)

14. Hence, the Plaintiffs, for months, since November 2016 to the current date, June 2017, have pursued numerous efforts by telephone, letter, email, and other means to informally repair and reactivate their professional business relationship with the Defendants.

15. Plaintiffs aver that they had numerous business relationships with individual customers that the Defendants have tortiously interfered with, via Defendants' unilateral termination of its provision of supplies to the Plaintiffs.

16. Plaintiffs also aver that they had numerous contractual relationships with insurance companies through the Defendants, which Defendants have tortiously interfered with, by the unilateral termination of its contracts and business relations with the Plaintiffs.

17. Plaintiffs also aver that the Defendants have tortiously interfered with their business with individual customers and tortiously interfered with Plaintiffs' managed care contract through Leadernet.

18. Through its communications with the Defendants, Plaintiffs have well articulated the great damages the Defendants' unilateral termination of contracts with the Plaintiffs has cost the Plaintiffs by interfering with the Plaintiffs' business relations with customers and contracts alleged above.

### IV. Causes of Action

#### Count One:
#### Tortious Interference with Business Relationships

19. The Plaintiffs hereby, repeat, re-allege, and incorporate by reference the preceding paragraphs of this complaint.

20. The Defendants have, as more fully set forth above, tortiously interfered with Plaintiffs' business relations with its individual customers as well as with its managed care contracts.

21. The Plaintiffs have been enormously damaged by Defendants' tortious interference with their business relations with their individual customers, and by defendants' tortious interference with their managed care contracts, and Plaintiffs have actually lost many of the same due to the Defendants' wrongful tortious interference.

### Prayer for Relief

Wherefore, premises considered, the Plaintiffs hereby request damages within the current jurisdictional limits of this court in such an amount as a judge and jury deem appropriate under the facts and circumstances of their case.

### Count Two:
### Tortious Interference with a Contract

22. The Plaintiffs hereby, repeat, re-allege, and incorporate by reference the preceding paragraphs of the complaint.

23. The Defendants have, as more fully set forth above, tortiously interfered with Plaintiffs' contracts with its individual customers as well as with its managed care contracts.

24. The Plaintiffs have been enormously damaged by Defendants' tortious interference with their contracts with their individual customers and managed care

contracts, and have actually lost many of the same due to the Defendants' wrongful tortious interference.

## Prayer for Relief

Wherefore, premises considered, the Plaintiffs hereby request damages within the current jurisdictional limits of this court in such an amount as a judge and jury deem appropriate under the facts and circumstances of their case.

## Count Three:
## Breach of Contract

25. The Plaintiffs hereby, repeat, re-allege, and incorporate by reference the preceding paragraphs of the complaint.

26. Plaintiffs aver that they had certain agreements with the Defendants for provision by Defendants of medications and supplies for individuals and managed care contracts.

27. Plaintiffs aver that Defendants unilaterally breached and terminated their contractual agreement with the Plaintiffs without just cause.

28. Plaintiffs also aver that they attempted to pursue a grievance, as stated in Exhibit C and D, but the Defendants rejected Plaintiffs' attempts to reconcile and resolve their differences via Section 24 of the Partnership Agreement between Defendant Leadernet and Plaintiff Parks Pharmacy.

29. As a proximate result of the breach, the Plaintiffs have been greatly and irreparably damaged and injured as set forth in paragraphs 21 and 24.

Prayer for Relief

Wherefore, premises considered, the Plaintiffs hereby request damages within the current jurisdictional limits of this court in such an amount as a judge and jury deem appropriate under the facts and circumstances of their case.

Respectfully,

Parks Pharmacy, Inc.
Demetrius Parks
                    Plaintiffs

**Of Counsel:**
McPhillips Shinbaum, L.L.P.
516 S. Perry Street
Post Office Box 64
Montgomery, Alabama 36101
Telephone: (334)262-1911
Facsimile: (334)263-2321
julianmcphillips@msg-lawfirm.com

By: _____
Julian L. McPhillips, Jr.
Attorney for Plaintiffs

**Of Counsel:**
Law Office of Tanika L. Finney
516 S. Perry Street
2927 Brevard Avenue (mailing)
Montgomery, Alabama 31609
Telephone: (334)603-1353

By: _____
Tanika L. Finney
Attorney for Plaintiffs

A jury trial is requested on all issues, so triable.

_____
Julian L. McPhillips, Jr.