ELECTRONICALLY FILED
11/22/2016 3:29 PM
03-CV-2016-901576.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE MATTER OF:            )    BEFORE THE ALA
                            )
DEMETRIUS YVONNE PARKS       )    BOARD OF PHAR
                            )
License Number 11275         )    Case Numbers 15-0065 and 15-0077
                            )
and                         )
                            )
JAMES MICHAEL THORP          )
                            )
License Number 7535          )
                            )
and                         )
                            )
PARKS PHARMACY #4            )
                            )
Permit Number 114277         )
                            )
and                         )
                            )
PARKS PHARMACY #2            )
                            )
Permit Number 113050         )
                            )
and                         )
                            )
PARKS PHARMACY, INC.         )
                            )
Permit Number 113422         )

## FINAL ORDER

On August 23-24, 2016, this cause came before the Alabama State Board of Pharmacy (hereinafter also referred to as the "Board"), on a Complaint against Ms. Demetrius Yvonne Parks (hereinafter referred to as "Respondent" or "Pharmacist Owner"), Mr. James Michael Thorp (hereinafter referred to as "Respondent" or "Supervising Pharmacist"), Parks Pharmacy #4 (hereinafter referred to as "Respondent" or "Parks Pharmacy #4"), Parks Pharmacy #2 (hereinafter referred to as "Respondent" or "Parks Pharmacy #2) and Parks Pharmacy, Inc. (hereinafter referred to as "Respondent" or "Parks Pharmacy Gadsden"). Evidence having been adduced thereon, the Board has determined that the following Findings of Fact and Conclusions of Law are supported by the preponderant weight of evidence and law.

Page 1 of 21

OCT 0 7 2016

Exhibit 4

## Findings of Fact

1.     The Respondent Pharmacist Owner is a pharmacist which the Board issued pharmacist license number 11275; the Respondent Supervising Pharmacist is a pharmacist which the Board issued pharmacist license number 7535; the Respondent Parks Pharmacy #2 is a pharmacy which the Board issued pharmacy permit number 113050; the Respondent Parks Pharmacy #4 is a pharmacy which the Board issued pharmacy permit number 114277 and the Respondent Parks Pharmacy Gadsden is a pharmacy which the Board issued pharmacy permit number 113442.

2.     The Respondents were notified of the charges; the Respondents attended the administrative hearing and with the exception of Respondent Supervising Pharmacist, the Respondents were represented by counsel at the hearing, Ms. Sandra H. Lewis, Esq. Respondent Supervising Pharmacist was not represented at the hearing by counsel but acknowledged he had the right to be represented by counsel. (Board's Exhibits One through Five)

3.     The Respondent made no objection to the timeliness of the Notice of Hearing or the specificity of the Statement of Charges.

4.     Parks Pharmacy #1 located at 225 Hayneville Plaza, Montgomery, Alabama was situated in a building which was subsequently condemned: thereafter the telephone and fax lines were transferred to the location marked with sign "Parks" at 394 Tuskeena Street, Montgomery, Alabama where a sign was posted giving a telephone number for assistance. (Board's Exhibits Six through Ten)

5.     A pharmacy permit from the Board was not issued for the location with sign "Parks" at 394 Tuskeena Street, Montgomery, Alabama.

6.     An additional sign at the 394 Tuskeena Street located stated "all medications will

Page 2 of 21

Exhibit 4

be mailed out." (Board's Exhibits Eleven and Twelve)

7.     Upon receiving a complaint from the Alabama Medicaid Agency, on May 6, 2015. Board Drug Inspector Mr. Glenn A. Wells inspected the 394 Tuskeena Street location, whereupon he observed an automobile owned by Respondents' employee, Ms. Libby Burke which contained drugs in the automobile trunk. The Respondent's employee, not a pharmacy technician operated from the 394 Tuskeena Street location and, among other things, would apply labels to medication at time of delivery. The complaint from the Alabama Medicaid Agency stated that pharmacy functions were being conducted at the 394 Tuskeena Street location. (Board's Exhibits Twelve through Fifteen)

8.     At the entrance of the 394 Tuskeena Street location, Mr. Wells observed a floor mat with the inscription "Parks Pharmacy Compounding." (Board Exhibit Sixteen)

9.     In the interior of the 394 Tuskeena Street location there was a stockroom containing stored prescription drugs in stock bottles as well as filled prescriptions. No pharmacist was present at the time of Mr. Wells' inspection while Ms. Libby was present. (Board's Exhibits Seventeen, Eighteen, Nineteen and Forty-Two)

10.     Located in the interior the 394 Tuskeena Street location was shelving containing over-the-counter drugs, prescription drugs, patient records, a patient signature log, a copier, a facsimile machine and a computer; the Respondents' employee (Ms. Libby Burke) stated that written prescriptions were received by her at the Tuskeena Street location by facsimile machine or directly from patients then she would transmit the prescriptions by facsimile machine to Parks Pharmacy #2. Copies of written prescriptions were observed on the pharmacy countertop by Mr. Wells at 394 Tuskeena Street location. Mr. Wells received some of the drugs for evidence which were held by the Board. The 394 Tuskeena Street location closed one week after being inspected by Mr. Wells. (Board's Exhibits Twenty, Twenty-Three through Twenty-Eight, Forty-Four, Fifty-Two and Respondent's Exhibits Two, Five, Ten and Respondent's Exhibit Two)

Page 3 of 21

Exhibit 4

11.    A sign stating "Out For Delivery" with the telephone of the Respondents' employee, Ms. Burks, was attached to the door at 394 Tuskeena Street location and an additional sign for a telephone number to call for assistance. Prescriptions would also be picked up by patients at 394 Tuskeena Street location. Payments by patients would be processed at the 394 Tuskeena Street location and placed in the cash register at that location. (Board's Exhibits Twenty-One and Twenty-Two)

12.    The Respondents' website advertised the pharmacy at 225 Hayneville Plaza, Montgomery, Alabama after it was closed providing the telephone number located at the 394 Tuskeena Street location to where prescriptions were being transmitted and prescription refill requests processed.    (Board's Exhibits Twenty-Six, Twenty-Nine, Thirty, Forty-Four and Respondent's Exhibit Two)

13.    Respondent Parks Pharmacy #4 closed on November 11, 2014 and relocated to location of Parks Pharmacy #2 on November 19, 2014 whereas Parks Pharmacy #2 closed on November 11, 2014 and reopened as Parks Pharmacy #4 on November 19, 2014. The controlled substances inventories for Parks Pharmacy #2 and Parks Pharmacy #4 were identical. (Board's Exhibits Six, Thirty-One, Forty-Five and Forty-Seven)

14.    Respondent Pharmacist Owner submitted a Disenrollment Request Form dated December 15, 2014 for Parks Pharmacy #4 stating "no longer Medicaid provider".    (Board's Exhibit Thirty-Two)

15.    Respondent Parks Pharmacy #2 purchased controlled substances from a drug wholesaler after the pharmacy was closed, no longer in operation and without current permits. (Board's Exhibit Thirty-Three)

16.    On July 27, 2015 Mr. Wells inspected Respondent Parks Pharmacy #2 where

Exhibit 4

discrepancies in record-keeping for controlled substances were found including controlled substances invoices not signed by a pharmacist, incorrect address on controlled substances inventory, failure to maintain biennial controlled substances inventories, failure to indicate beginning or end of inventory period when taken and controlled substances were transferred between locations without proper documentation. Some Inventory entries were based on computer records rather than actual counts; while other counts were inaccurate. (Board's Exhibits Thirty-Four, Thirty-Nine, Forty-Four, Fifty and Fifty-One, Respondent's Exhibits Nine Twelve and Thirteen)

17.     Respondent Parks Pharmacy #2 filled prescriptions, including controlled substances prescriptions, in 2014 using labels identifying they were from a Parks Pharmacy in Selma, Alabama which closed on or about May 24, 2012.  (Board's Exhibits Thirty-Five and Thirty-Six)

18.     On January 28, 2015 and on May 21, 2015 Mr. Wells inspected the Respondent Parks Pharmacy Gadsden whereupon he observed the pharmacy was open with no pharmacist present, the pharmacy computer containing patient information was located outside the pharmacy area, was open and receiving prescriptions from physicians received while no pharmacist was present, filled prescription were dispensed to patients without a pharmacist being present, prescription medication was stored outside of the pharmacy area and drugs were stored under excessive heat in pharmacy storeroom.  (Board's Exhibits Forty-One and Respondent's Exhibit Eight)

19.     Respondent Parks Pharmacy #2 located in Montgomery transferred prescriptions to Respondent Pharmacy Gadsden, including prescriptions for Medicaid patients. (Board's Exhibits Forty-Two and Forty-Three) The Respondents used prescription transfer forms bearing the name and address of a pharmacy without a permit and/or that was closed to-wit: Parks, 225 Hayneville Plaza, Hayneville, Alabama from on or about August, 2014 until on or about May, 2015. The Respondents also used labels bearing the name and address of pharmacy without a valid permit and/or that were

Page 5 of 21

Exhibit 4

closed, to-wit: Parks, 225 Hayneville Plaza, Hayneville, Alabama from on or about August, 2014, and/or Parks, 4258-A US Highway 80 West, Selma, Alabama from on or about June, 2012.

20.     In April 2015, the Respondents mailed drugs to patients from One Academy Lane, Hayneville, Alabama. (Board's Exhibit Forty-Four)

21.     A Warrant for Inspection was issued on November 10, 2015 by a United States Magistrate Judge for the District Court for the Middle District of Alabama based on the Affidavit for An Administrative Inspection Warrant Under the Authority of Title 21, Unites States Code, Section 880. (Board's Exhibit Forty-Six)

22.     On November 17, 2015 Drug Enforcement Administration Diversion Inspector Mr. Kenneth W. Green conducted an administrative inspection of the premises of Respondent Parks Pharmacy #2 located at 1323-A Mulberry Street, Montgomery, Alabama 36106 which had two DEA registrations (DEA Registration Number FP0661389) and Parks Pharmacy, Inc. (DEA Registration Number FP4331283) registered as the same address. Mr. Green obtained copies of dispensing reports, state annual inventories for both registration numbers and C-II through C-V prescriptions for audit. The Respondents were unable to provide Mr. Green required Controlled Substances Ordering System (CSOS) reports; the reports were not ready retrievable by the Respondents. (Board's Exhibits Forty-Six, Fifty, Fifty-One, Fifty-Three, Respondent's Exhibits Three, Four, Seven and Nine)

23.     From documents provided, Mr. Green determined that Respondent Parks Pharmacy #2 and Respondent Parks Pharmacy #4 closed on November 14, 2014 returning their Alabama Pharmacy Permits and Alabama Controlled Substances inventories to the Board. (Board's Exhibit Forty-Seven)

24.     During the period from November 17, 2014 through December 30, 2014, Respondent Parks Pharmacy #2 purchased controlled substances, including Schedule II control

Page **6** of **21**

Exhibit 4

substances, from a drug wholesaler twenty-three times with an invalid controlled substance registration number. Controlled substances were also purchased using the incorrect DEA registration number. (Board's Exhibits Forty-Eight, Forty-Nine and Fifty-One)

25.    Respondent Parks Pharmacy #2 submitted to the Drug Enforcement Administration a Voluntary Surrender of Controlled Substances Privileges for controlled substance registration number FP066139 dated November 17, 2015. (Board's Exhibit Forty-Nine)

26.    The Respondents submitted a "Parks Pharmacy Action Plan" dated November 20, 2015 to the Drug Enforcement Administration to correct deficiencies observed resulting from the November 17, 2015 inspection. The Respondents' plan made corrections, in record keeping documentation, among other things, after receiving the results of the DEA inspection showing violations. (Board's Exhibit Forty-Four, Fifty and Respondent's Twelve through Sixteen)

27.    The Respondents stored drugs in areas outside of any pharmacy location in a warehouse type storage area.

28.    Respondent Owner owed Medicaid of Alabama a balance of $351,191.03 as part of a recoupment order in Seven Hundred Nineteen Thousand Four Hundred Seventy Seven and 31/100 Dollars ($719,477.31). (Respondent's Exhibit Six and Board's Exhibit Fifty-Four) Parks Pharmacy #2, Alabama Pharmacy Permit No. 113050, located at 1323-A Mulberry Street closed on or about November 14, 2014. Parks Pharmacy #4, Alabama Pharmacy Permit No. 114277 located at 1055 Adams Avenue also closed on or about November 14, 2014. Medicaid deducted as a means of repayment of the recoupment amount owed for prescriptions filled at the pharmacy with Permit No. 113050. The Respondents "re-opened" the location at 1323-A Mulberry Street, after November 14, 2014 but transferred the permit for the Adams Avenue location, i.e. Permit No. 114277. These acts were taken by them to avoid Medicaid from recovering payments and/or satisfying the recoupment owed from prescriptions filled at the pharmacy with Permit No. 113050.

Page 7 of 21

Exhibit 4

## Conclusions of Law

1.    The Alabama State Board of Pharmacy has jurisdiction in this cause pursuant to Code of Alabama (1975). § 34-23-34, § 34-23-92 (12) and § 41-22-12.

2.    The Respondents were properly notified of the charges; the Respondents attended and with the exception of Respondent Supervising Pharmacist, were represented at the administrative hearing by counsel.

3.    The Respondents made no objection to the timeliness of the Notice of Hearing.

4.    The Respondents made no objection to the specificity of the Statement of Charges.

5.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED, the Respondent Pharmacy #2's and Respondent Pharmacy #4's pharmacy permits in the State of Alabama are due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (8) from a time unknown to the Board until on or about May, 2015, by employing, assisting or enabling an unlicensed person, to-wit, Libby Burke, to practice pharmacy at the former location of Parks Pharmacy #1 in Hayneville and/or at 394 Tuskeena Street in Hayneville, Alabama, to include, but not limited to. allowing prescription records to be maintained at those locations, allowing prescription drugs to be stored at the Tuskeena Street location, allowing a floor mat at the front entrance of 394 Tuskeena Street bearing the words "Parks Pharmacy Compounding", allowing prescriptions or refills to be faxed to Parks Pharmacy #2 and/or Parks Pharmacy Gadsden, allowing delivery of prescription medications to these locations for pick-up by patients or delivery to patients, a recording at Parks Pharmacy #2 that there is a pharmacy in Hayneville, and/or allowing prescriptions or refills to be transmitted or delivered to these locations by physicians or patients, any or all of the above taking place without the presence of a licensed pharmacist.

The Board finds that each act of enabling or assisting Ms. Burke in the practice of pharmacy

Page **8** of **21**

Exhibit 4

is a separate and distinct violation.

6.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED, the Respondent Pharmacy #2's and Respondent Pharmacy #4's pharmacy permits in the State of Alabama are due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) from a time unknown to the Board until on or about May, 2015, in that they allowed the location at 394 Tuskeena Street to operate as a pharmacy, i.e. this location selling, offering to sell and/or dispensing drugs or using a title implying the same without the permit required by and therefore in violation of Code of Alabama (1975), § 34-23-30. This violation is based upon any or all of the violations of paragraph five above of this Final Order.

The Board finds that each day the referenced location operated in violation of Code of Alabama (1975), § 34-23-30 is a separate and distinct violation.

7.    The Respondent Pharmacy #2's and Respondent Pharmacy #4's pharmacy permits in the State of Alabama are due to be placed on PROBATION and have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) in that they violated Code of Alabama (1975), § 34-23-70 (e) based upon any or all of the violations of the preceding paragraphs of this Final Order.

The Board finds that each time the location at 394 Tuskeena Street was utilized as a pick-up station or intermediary is a separate and distinct violation.

8.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED, the Respondent Pharmacy #2's and Respondent Pharmacy #4's pharmacy permits in the State of Alabama are due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-70 (k) and/or (l) by allowing the storage of prescription medications and/or records at the Tuskeena Street location described above.

The Board finds that each day there were prescription medications and/or records at this

Page 9 of 21

Exhibit 4

location is a separate and distinct violation.

9.      The Respondent Owner's license to practice pharmacy is due to be SUSPENDED, the Respondent Pharmacy #2's and Respondent Pharmacy #4's pharmacy permits in the State of Alabama are due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraphs five through eight above of this Final Order.

10.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) by:

(a)     Using prescription transfer forms bearing the name and address of a pharmacy without a permit and/or that was closed to-wit: Parks, 225 Hayneville Plaza, Hayneville, Alabama from on or about August, 2014 until on or about May, 2015; or

(b)     Using labels bearing the name and address of pharmacie(s) without a valid permit and/or that were closed, to-wit: Parks, 225 Hayneville Plaza, Hayneville, Alabama from on or about August, 2014, and/or Parks, 4258-A US Highway 80 West, Selma, Alabama from on or about June, 2012.

The Board finds that each instance of the above conduct is a separate and distinct violation.

11.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (12) in that they violated Board Rule 680-X-2.13 based upon any or all of the violations relating to labeling of paragraph ten above of this Final Order.

Page 10 of 21

Exhibit 4

12. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraphs ten and eleven above of this Final Order.

13. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) by ordering or maintaining controlled substances at Parks Pharmacy #2 from on or about November 19, 2014 until on or about December 15, 2014 without that location having or possessing a valid and current DEA registration and/or Alabama Controlled Substances registration.

The Board finds that each day is a separate and distinct violation.

14. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph thirteen above of this Final Order.

15. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph thirteen above of this Final Order.

16. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED

Page 11 of 21

Exhibit 4

and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama are due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) from on or about November 17, 2014 until on or about December 30, 2014 by using a DEA registration to order controlled substances for the Parks Pharmacy #2 location which was originally issued to a pharmacy with a different Alabama Pharmacy permit number.

The Board finds that each order described above is a separate and distinct violation.

17. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph sixteen above of this Final Order.

18. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph sixteen above of this Final Order.

19. The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) by the following:

(a) The Alabama Medicaid Agency entered a finding that recoupment in the amount of Seven Hundred Nineteen Thousand Four Hundred Seventy Seven and 31/100 Dollars ($719,477.31) was owed.

(b) They closed Parks Pharmacy #2, Alabama Pharmacy Permit No. 113050, located at 1323-A Mulberry Street on or about November 14, 2014.

Page 12 of 21

Exhibit 4

(c)     They also closed Parks Pharmacy #4, Alabama Pharmacy Permit No. 114277 located at 1055 Adams Avenue on or about November 14, 2014.

(d)     Medicaid was deducting as a means of repayment of the recoupment amount owed for prescriptions filled at the pharmacy with Permit No. 113050.

(e)     After November 14, 2014, they "re-opened" the location at 1323-A Mulberry Street, but transferred the permit for the Adams Avenue location, i.e. Permit No. 114277.

(f)     The above acts were taken by them to avoid Medicaid from recovering payments and/or satisfying the recoupment owed from prescriptions filled at the pharmacy with Permit No. 113050.

20.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph nineteen above of this Final Order.

21.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) in that they violated Code of Alabama (1975), § 20-2-56 from on or about February 10, 2015 until on or about July 25, 2015 by failing to sign or date invoices for Schedule II, III and/or IV controlled substances.

The Board finds that each deficiency set out above is a separate and distinct violation.

22.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph twenty-one above of this Final Order.

Page 13 of 21

Exhibit 4

23.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph twenty-one above of this Final Order.

24.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) from a time unknown to the Board until on or about July 2015 in that they violated Code of Alabama (1975), § 34-23-70 (1) by storing legend drugs in a warehouse and not in the pharmacy as so required.

The Board finds that each day the above occurred is a separate and distinct violation.

25.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph twenty-four above of this Final Order.

26.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph twenty-four above of this Final Order.

27.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to

Exhibit 4

be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) in that they violated Code of Alabama (1975), § 34-23-70 (a) as follows:

(a) On January 28, 2015 and/or on other times unknown to the Board they allowed the pharmacy to be open and/or patients allowed to pick-up prescriptions then the pharmacy was not under their personal supervision as so required.

The Board finds that each incident described above is a separate and distinct violation.

28.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph twenty-seven above of this Final Order.

29.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph twenty-seven above of this Final Order.

30.    The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) in that they violated Code of Alabama (1975), § 34-23-131 (a) on times unknown to the Board by allowing pharmacy technician(s), i.e. Jerrica Wise and/or others unknown to the Board, to dispense prescriptions already filled to patients without direct supervision.

Page 15 of 21

Exhibit 4

The Board finds that each incident is a separate and distinct violation.

31.     The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph thirty above of this Final Order..

32.     The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph thirty above of this Final Order.

33.     The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (7) in that they violated Code of Alabama (1975), § 34-23-33 (k) by maintaining and/or placing the pharmacy computer system outside of the pharmacy, i.e. at the front-end sale counter.

34.     The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of paragraph thirty-three above of this Final Order.

35.     The Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit is due to

Exhibit 4

be placed on PROBATION, both to have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraph thirty-three above of this Final Order.

36.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED, the Respondent Supervising Pharmacist's license to practice pharmacy is due to be placed on PROBATION, the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION, the Respondent Pharmacy #4's pharmacy permit in the State of Alabama is due to be placed on PROBATION and the Respondent Pharmacy Gadsden's pharmacy permit in the State of Alabama is due to be placed on PROBATION, and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 20-2-54 (a) (4) by violating the provisions of Code of Alabama (1975), § 34-23-1 et seq., said violation being based upon the violations contained in any or all of the preceding paragraphs of this Final Order.

37.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon the failure to maintain a biennial inventory of controlled substances.

38.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon the failure to record dates of receipt of invoices for controlled substances.

39.    The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed

Page 17 of 21

Exhibit 4

on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon the failure to maintain readily retrievable records of controlled substances.

40.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon the failure to create a record of the quantity of each controlled drug received and the date received for orders through CSOS.

41.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon allowing unauthorized individuals to access and use the Pharmacy Owner's digital certificate and private key for the CSOS.

42.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (2) prior to November 19, 2015, based upon the failure to maintain prescriptions of controlled substances in a readily retrievable fashion.

43.     The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (6) based upon any or all of the violations of the preceding paragraphs of this Final Order.

Exhibit 4

44.      The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 34-23-33 (13) in that they violated Board Rule 680-X-2.22 (2) (d) based upon any or all of the violations of paragraphs thirty-seven through forty-three above of this Final Order.

45.      The Respondent Owner's license to practice pharmacy is due to be SUSPENDED and the Respondent Pharmacy #2's pharmacy permit in the State of Alabama is due to be placed on PROBATION and all have other disciplinary sanctions imposed in that they are guilty of violating Code of Alabama (1975) § 20-2-54 (a) (4) by violating the provisions of Code of Alabama (1975), § 34-23-1 et seq., said violation being based upon the violations contained in paragraphs thirty-seven through forty-four above of this Final Order.

## ORDER

In accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED as follows:

1.      The Respondent Owner's license to practice pharmacy and controlled substance permit in the State of Alabama are SUSPENDED for a period of five (5) years from the date of this Final Order; and

2.      The Respondent Supervising Pharmacist license to practice pharmacy and controlled substance permit in the State of Alabama are placed on PROBATION for a period of five (5) years from the date of this Final Order; and

3.      The Respondent Pharmacy #2, Respondent Pharmacy #4 and Pharmacy Gadsden

Exhibit 4

pharmacy permits in the State of Alabama are placed on PROBATION for a period of five (5) years from the date of this Final Order; and

4.    The Respondent Owner is ORDERED to pay to the Board an administrative fine of Twenty-Seven Thousand ($27,000.00) Dollars; said fine shall be paid within ninety (90) days of the date of this ORDER and future applications for renewal shall not be granted unless said fine has been paid; and

5.    The Respondent Supervising Pharmacist is ORDERED to pay to the Board an administrative fine of Thirteen Thousand ($13,000.00) Dollars; said fine shall be paid within ninety (90) days of the date of this ORDER and future applications for renewal shall not be granted unless said fine has been paid; and

5.    The Respondent Pharmacy #2 is ORDERED to pay to the Board an administrative fine of Twenty-Eight Thousand ($28,000.00) Dollars; said fine shall be paid within ninety (90) days of the date of this ORDER and future applications for renewal shall not be granted unless said fine has been paid; and

6.    The Respondent Pharmacy #4 is ORDERED to pay to the Board an administrative fine of Six Thousand ($6,000.00) Dollars; said fine shall be paid within ninety (90) days of the date of this ORDER and future applications for renewal shall not be granted unless said fine has been paid; and

7.    The Respondent Pharmacy Gadsden is ORDERED to pay to the Board an administrative fine of Thirteen Thousand ($13,000.00) Dollars; said fine shall be paid within ninety (90) days of the date of this ORDER and future applications for renewal shall not be granted unless said fine has been paid; and

8.    Any future violations of this Order, the Alabama Pharmacy Practice Act, the laws

Page 20 of 21

Exhibit 4

that regulate the sale and/or dispensing of prescription or legend drugs and/or narcotics or any Rule of the Alabama State Board of Pharmacy or the pharmacy law or rules of the Board of Pharmacy of another state may, upon hearing and proof thereof, result in further disciplinary sanctions.

DONE and ORDERED, this _6th_ day of ~~September~~ *October* 2016.

Timothy A. Martin, Pharm. D., President
Alabama State Board of Pharmacy

c: Ms. Sandra Lewis, Esq.
Mr. James Michael Thorp
Ms. Mitzi Ellenburg, Director of Operations
Dr. Susan Alverson, Executive Secretary
Mr. James S. Ward, Esq.
Mr. Vance L. Alexander, Esq.

Exhibit 4