Rel: 06/09/2017

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2016-2017

_____

### 2160266

_____

### Ex parte Alabama State Board of Pharmacy

### PETITION FOR WRIT OF MANDAMUS

### (In re: Demetrius Yvonne Parks et al.

### v.

### Alabama State Board of Pharmacy)

### (Montgomery Circuit Court, CV-16-901576)

THOMPSON, Presiding Judge.

The Alabama State Board of Pharmacy ("the board") petitions this court for a writ of mandamus directing the

Exhibit 5

2160266

Montgomery Circuit Court ("the circuit court") to vacate its
"order supplementing stay on a temporary basis" ("the
supplemental order") entered on January 5, 2017.[1]   The
supplemental order added certain requirements to a stay order
("the stay order") entered by the circuit court on December 1,
2016, that, among other things, put in place specific
restrictions on Demetrius Yvonne Parks's ability to practice
pharmacy pending judicial review of the board's decision to
suspend her license to practice pharmacy ("the license").   The
stay order also directed a pharmacy owned by Parks to meet
specific requirements during the pendency of the judicial
review.

     The materials before this court indicate the following.
On October 1, 2016, after a hearing on 46 counts alleging
various improper practices, the board entered an order
suspending Parks's license for 5 years and levying an
administrative fine against her in the amount of $27,000.   The

---

[1]The board filed a notice of appeal of the supplemental
order within 14 days of the entry of that order, believing it
to be appealable because it was injunctive in nature. See
Rule 4(a)(1)(A), Ala. R. App. P.   On February 15, 2017,
Demetrius Yvonne Parks filed in this court a motion to dismiss
the appeal.   On February 23, 2017, this court entered an order
treating the appeal as a petition for a writ of mandamus and
denying Parks's motion to dismiss.

Exhibit 5

2160266

board also placed the pharmacy permits of two of Parks's pharmacies--Parks Pharmacy #2 and Parks Pharmacy #4--on probation for five years.  Those two pharmacies, as well as one other pharmacy Parks owned (hereinafter referred to collectively as "the pharmacies"), were also ordered to pay administrative fines.[2]

On November 22, 2016, Parks and the pharmacies filed a complaint in the circuit court seeking judicial review of the board's decision.  That same day, they also filed a motion to stay the board's decision pending the outcome of the judicial review.  A hearing on the stay motion was scheduled for November 30, 2016.  On November 28, 2016, two days before the scheduled hearing, Parks and the pharmacies filed an emergency motion to stay.  Two affidavits were submitted in support of that motion--one from Parks and the other from Adam Andrews. In her affidavit, Parks testified that the suspension of her license was causing her "irreparable harm" because, she said, medical suppliers, including her "main supplier," were unwilling to provide supplies to her pharmacies.  She noted

---

[2]The board took disciplinary action against another pharmacist in connection with this matter.  That pharmacist is not involved in the appeal to the circuit court.

Exhibit 5

2160266

that the permits for two of her pharmacies were not suspended but were only on probation.  However, she said, "the personal suspension of me taints and sullies my pharmacies and is making it extremely difficult, if not impossible, for my pharmacies to continue in business so long as I am suspended."

In his affidavit, Andrews stated that he was a party to a telephone conversation with Parks's attorney, Julian McPhillips, and the attorney representing Parks's primary medical supplier.  Andrews's relationship to Parks or the pharmacies is not made clear in the affidavit.  However, he states that McPhillips and he "were pitching to" the supplier that, despite Parks's license being suspended, the pharmacies were still authorized to do business and were open to the public even though two of them were "on probationary status." Andrews said that, during the telephone conversation, he heard the attorney for the supplier say that even though the pharmacies were still allowed to do business, the supplier, "pursuant to its contract with [the pharmacies], was electing not to continue selling supplies [to] Ms. Parks' pharmacies." Andrews also said that the supplier's attorney said "that it

4

Exhibit 5

2160266

looks bad" for the supplier to sell to the pharmacies because the owner, Parks, was suspended.

A transcript of the hearing on the stay motion is not contained in the materials before this court.  On December 1, 2016, the circuit court entered an order staying the suspension of Parks's license subject to her compliance with specific enumerated terms, including that Parks "shall not be involved in the dispensing of legend or controlled drugs." Parks Pharmacy #4 was also directed to hire a supervising pharmacist, who had to be approved by the board, and to make certain records available to the board upon its request.

On December 14, 2016, two weeks after the stay order was entered, Parks and the pharmacies filed an "emergency supplemental motion to stay" in which they sought the removal of language from a Web site of the National Practitioner Data Bank ("the NPDB") relating "to the original suspension, now stayed."  According to a document from the United States Department of Health and Human Services, which is included in the materials before this court, the NPDB "is a confidential information clearinghouse created by Congress to improve health care quality, protect the public, and reduce health

5

Exhibit 5

2160266

care fraud and abuse in the U.S."  The specific language that
Parks and the pharmacies complained of from the Web site was
not set forth in the motion.    However, Parks and the
pharmacies alleged that, because of the unspecified language,
Parks's participation as an Alabama Medicaid provider had been
revoked and medical suppliers were refusing to sell to them.
Parks and the pharmacies sought a hearing "on an emergency
basis" and asked the circuit court to "enter a corrected
[stay] order that applies to the NPDB website."

The hearing on the December 14, 2016, motion was
originally scheduled for December 27, 2016.  On December 27,
2016, the circuit court entered an order resetting the hearing
for January 5, 2017.  On January 3, 2017, the circuit court
entered another order granting the board's motion to continue
the scheduled January 5, 2017, hearing.  The order stated that
the hearing "will be reset."  We note that the board's motion
to continue is not contained in the materials before this
court.

Although the circuit court had continued the January 5,
2017, hearing, it also entered an order that day supplementing

Exhibit 5

2160266

the stay "on a temporary basis."  In the supplemental order,

the circuit court stated that,

> "because this matter had to [be] continued for
> various reasons, and deeming the relief requested to
> be in order, [the stay order] is hereby modified as
> follows ...
>
>> "1. [Parks], whose suspension was lifted by
>> this court's order of December 1, 2016, is
>> hereby allowed to work as a pharmacist
>> until further order of this court.
>>
>> "2. [The board] is hereby ORDERED to
>> immediately clear and remove all language
>> in its entirety sent to the [NPDB]
>> concerning [the pharmacies] and [Parks]
>> herself."

In the supplemental order, the circuit court scheduled a

status conference for February 15, 2017.

It is from the supplemental order that the board filed

its petition for a writ of mandamus.  See note 1, supra.  In

addition, on January 9, 2016, the board filed in the circuit

court a motion to reconsider the supplemental order or for a

stay of that order.  In the motion, the board stated that its

attorney had had "rather serious lumbar surgery" scheduled for

December 20, 2016, necessitating a continuance of the December

27, 2016, hearing on the supplemental emergency motion for a

stay.  Because the attorney was still recovering from the

7

Exhibit 5

2160266

surgery, on December 30, 2016, the board requested a second
continuance of the hearing, which had been rescheduled for
January 5, 2017.  As mentioned, the circuit court granted that
request, adding that the hearing would be "reset."

In its motion to reconsider the supplemental order, the
board argued that the circuit court had entered that order
without giving the board an opportunity to be heard and
without any evidentiary support from any of the parties.  It
also argued that the supplemental order directing the board to
have language removed from the NPDB Web site violated federal
law governing the reporting requirements the board must
follow.  On January 18, 2017, the board filed a supplement to
its motion to reconsider, pointing out that it is a member of
the National Association of Boards of Pharmacy and that it had
utilized that association for its "mandatory and required
reporting of disciplinary actions" to the NPDB.

Four months have passed since the board filed its motion
to reconsider.  The circuit court has not ruled on that
motion, and the record does not indicate that the status
conference scheduled for February 15, 2017, was held.  Thus,
the supplemental order remains in effect.

8

Exhibit 5

2160266

In its petition for a writ of mandamus, the board raises the same issues it presented to the circuit court in seeking reconsideration of the supplemental order. A petition for a writ of mandamus is the proper vehicle for seeking review of an order staying the suspension of a professional license pending the judicial review of the licensing agency's decision. See Ex parte Alabama Dep't of Mental Health, 207 So. 3d 743, 753 (Ala. Civ. App. 2016); Ex parte Medical Licensure Comm'n of Alabama, 13 So. 3d 397, 401 (Ala. Civ. App. 2008).

"In Ex parte Davis, 930 So. 2d 497, 499 (Ala. 2005), our supreme court stated:

> "'The writ of mandamus is an extraordinary legal remedy. Ex parte Mobile Fixture & Equip. Co., 630 So. 2d 358, 360 (Ala. 1993). Therefore, [an appellate] Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court. See Ex parte Wood, 852 So. 2d 705, 708 (Ala. 2002).'

"'"Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion."' Ex parte

9

Exhibit 5

2160266

> Showers, 812 So. 2d 277, 281 (Ala. 2001) (quoting
> State v. Cannon, 369 So. 2d 32, 33 (Ala. 1979))."

Ex parte J.N.M., 187 So. 3d 1156, 1159 (Ala. Civ. App. 2015).

In its petition, the board specifically argues that, pursuant to the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala. Code 1975, the circuit court was required to allow it to present evidence in connection with Parks's request for a change in conditions related to the stay.  Judicial review of final decisions by the board is governed generally by § 41-22-20, Ala. Code 1975, a part of the AAPA.  See Jones v. Alabama State Bd. of Pharmacy, 624 So. 2d 613, 614-15 (Ala. Civ. App. 1993); § 34-23-94, Ala. Code 1975.  Section 41-22-20(c) addresses the procedure for considering the suspension or revocation of licenses issued by state agencies pending judicial review.  That statute provides, in pertinent part:

> "The filing of the notice of appeal ... does not
> itself stay enforcement of the agency decision.  If
> the agency decision has the effect of suspending or
> revoking a license, a stay or supersedeas shall be
> granted as a matter of right upon such conditions as
> are reasonable, unless the reviewing court, upon
> petition of the agency, determines that a stay or
> supersedeas would constitute a probable danger to
> the public health, safety, or welfare."

(Emphasis added.)

Exhibit 5

2160266

In Ex parte Medical Licensure Commission of Alabama, 13

So. 3d at 401, this court wrote:

> "Pursuant to § 41-22-20(c), there is an implied
> presumption that staying a license revocation will
> not jeopardize the public health, safety, or
> welfare. If the agency seeks to prevent the issuance
> of a stay, it must rebut that presumption by
> establishing that a stay would 'constitute a
> probable danger to the public health, safety, or
> welfare.'"

In this case, the board contends that, in entering the

supplemental order without first giving the board an

opportunity to be heard on the "supplemental" requirements the

circuit court added to the stay order, the circuit court

deprived it of the opportunity to rebut the presumption that

allowing Parks to work as a pharmacist would not constitute a

probable danger to the public health, safety, or welfare and

to address the NPDB's reporting requirements. Key among the

board's arguments is that the circuit court exceeded its

authority in ordering the board to delete reports that the

board says federal law requires.

In the supplemental order, the circuit court appears to

have removed the condition that Parks was not permitted to

dispense legend or controlled substances and directs the board

to remove language from the NPDB Web site. When the circuit

11

Exhibit 5

2160266

court made those substantive changes to the stay order, it did
so without allowing the board to present evidence to support
its position.  Moreover, at the time the circuit court entered
the supplemental order, Parks had presented no evidence to
support her claim that she was entitled to additional
protections other than those put in place by the stay order.

    In her response to the petition for a writ of mandamus,
Parks contends that neither the board nor its attorney
"bothered to show up" at hearings on the motion that led to
the entry of the supplemental order.  She also states:
"[G]iven the court's full warning to [the board] in advance,
and given the [board's] blatant and continued refusal to show
up for emergency hearings, bordering on contempt, the [circuit
court] properly issued" the supplemental order.  Parks also
notes that the circuit court set the matter for a status
conference and that, "[t]hus, [the board] was accorded a
perfect opportunity to challenge the supplemental [order]."

    Parks's characterizations and comments are wholly
unsupported by the materials before this court.  Nothing in
the materials suggests any impropriety in the board's requests
for continuances, which the circuit court granted.  There is

12

Exhibit 5

2160266

also nothing to suggest that the circuit court threatened the board with contempt.   Furthermore, the materials do not reflect that a status conference was actually held on February 15, 2017, and no order on the board's motion to reconsider the entry of the supplemental order has been issued by the circuit court, which would indicate that it had taken the board's arguments into consideration.

Section 41-22-20(c) provides that the board have an opportunity to present evidence to challenge the presumption that a stay, or the conditions placed on a stay, is proper. In entering the supplemental order that essentially removed the conditions on Parks's ability to practice pharmacy, which had been included in the stay order, without first giving the board the opportunity to challenge the relief Parks sought, the circuit court erred.   Furthermore, the circuit court did not allow the board to present evidence or arguments regarding the propriety of its decision to direct the board to delete language from the federal NPDB Web site.   Thus far, the circuit court has not fulfilled its obligation to allow the board to present its case against the terms Parks requested in her motion seeking the supplemental order.   Accordingly, we

13

Exhibit 5

2160266

grant the board's petition for a writ of mandamus and direct the circuit court to vacate the supplemental order.  We further direct the circuit court to hold a hearing so that the parties can present their evidence and arguments regarding the relief Parks has requested in her emergency supplemental motion for a stay.

PETITION GRANTED; WRIT ISSUED.

Pittman, J., concurs.

Donaldson, J., concurs in the result, without writing.

Moore, J., dissents, with writing, which Thomas, J., joins.

Exhibit 5

2160266

MOORE, Judge, dissenting.

The materials before the court on this petition for a writ of mandamus show that the Alabama Board of Pharmacy ("the Board") suspended the license of Demetrius Yvonne Parks to practice pharmacy on October 1, 2016, and placed several pharmacies owned by Parks on probation. On November 22, 2016, Parks sought, in the Montgomery Circuit Court, judicial review of the suspension and probation order; she also moved the circuit court for a stay. The circuit court entered an order staying the suspension of Parks's license to practice pharmacy on December 1, 2016. In that order, the circuit court established as a condition of the stay that "Parks shall not be involved in the dispensing of legend or controlled drugs."

On December 14, 2016, Parks filed a motion entitled "Emergency Supplemental Motion to Stay." In that motion, Parks argued, among other things, that the continuation of certain "very harmful and damaging language" on the "NPDB [National Practitioner Data Bank] website" was in violation of "the letter and spirt" of the December 1, 2016, stay order, and asserted that the Board had refused to remove that language, despite its authority to do so, thereby rendering

15

Exhibit 5

2160266

the stay order ineffective.   Parks also requested that the circuit court enter a "supplemental stay" based on alleged violations of her due-process rights.

The circuit court scheduled a hearing on the "emergency" motion for December 27, 2016, at 8:30 a.m.  The Board did not file a written response to that motion before the scheduled hearing date and did not file a motion to continue the hearing.  On December 27, 2016, at 9:00 a.m., 30 minutes after the hearing was scheduled to commence, the circuit court entered an order rescheduling the hearing to January 5, 2017. The parties dispute the reasons for the rescheduling, and the materials before us do not contain any information that settles that dispute.  On December 30, 2016, the Board moved to continue the January 5, 2017, hearing on the basis that its counsel, James Ward, was recovering from back surgery and could not travel to Montgomery from Birmingham to attend the hearing.   On January 3, 2017, the circuit court granted the motion to continue the hearing indefinitely.

On January 5, 2017, without holding a hearing, the circuit court entered an order "supplementing [the] stay on a temporary basis" to allow Parks to work as a pharmacist.

16

Exhibit 5

2160266

Additionally, the circuit court ordered the Board to "clear
and remove all language in its entirety sent to the National
Practitioner Data Bank (NPDB)" concerning Parks and the
relevant pharmacies she owned.  The Board moved the circuit
court to reconsider the supplemental stay order and to vacate
that part of the order requiring it to remove the language
from the National Practitioner Data Bank ("NPDB") Web site.
The circuit court had not acted on the motion to reconsider
when the Board filed its notice of appeal on January 19, 2017,
which this court has elected to treat as a petition for a writ
of mandamus.

In its mandamus petition, the Board asserts that the
circuit court modified its original stay order to allow Parks
to work as a pharmacist, which would include dispensing
medication to the public, without affording the Board an
opportunity to present evidence indicating that the stay would
endanger the health, safety, and welfare of the public.
Section 41-22-20(c), Ala. Code 1975, provides that a stay
should be entered as a matter of right when a license has been
suspended, "unless the reviewing court, upon petition of the
agency, determines that a stay or supersedeas would constitute

17

Exhibit 5

2160266

a probable danger to the public health, safety, or welfare."
(Emphasis added.)   The materials before this court do not
contain any "petition" filed by the Board requesting a hearing
to determine that a stay of the suspension of Parks's license
to practice pharmacy would probably endanger the public.
Parks requested a hearing to have the original stay order
modified, but the Board did not counter with a motion of its
own to maintain the conditions in the original stay order to
protect the public, and it did not make any such assertions in
its motion to reconsider.   To obtain a writ of mandamus, a
petitioner must show, among other things, a refusal of the
respondent judge to perform an imperative duty.  See Ex parte
City of Prattville, 56 So. 3d 684, 688 (Ala. Civ. App. 2010).
"[T]his court will not issue a writ of mandamus to compel a
trial court to perform an act that the trial court was never
requested to perform."  Id. at 689.  Thus, I dissent from the
main opinion insofar as it orders the circuit court to conduct
a hearing to determine whether the stay of the suspension of
Parks's license to practice pharmacy should be denied based on
the exception stated in § 41-22-20(c).

18

Exhibit 5

2160266

The Board also mainly argues that the circuit court exceeded its discretion in ordering the Board to remove its report from the NPDB Web site.  Section 41-22-20(c) authorizes a circuit court to stay any administrative order "upon appropriate terms."  The Board basically contends that the circuit court included an inappropriate term in its January 5, 2017, supplemental stay order because the circuit court could not lawfully require it to remove information about Parks and her pharmacies that was reported by the Board to the NPDB. The Board points out that federal law requires the Board to report adverse actions taken against the licenses of pharmacists and their pharmacies to the NPDB.  See 42 U.S.C. § 1396r-2; see also 45 C.F.R. § 60.1 et seq.  The Board also cites cases supporting its position that federal law preempts state law and prevents an Alabama circuit court from ordering the Board to remove required information from the NPDB Web site.  See, e.g., Diaz v. Provena Hosps., 352 Ill. App. 3d 1165, 817 N.E.2d 206, 288 Ill. Dec. 81 (2004).  Based on that authority, the Board maintains that the circuit court exceeded its authority in ordering the Board to remove its report from the NPDB Web site.

19

Exhibit 5

2160266

The part of the January 5, 2017, supplemental stay order about which the Board complains requires the Board to "clear and remove all language in its entirety sent to the National Practitioner Data Bank (NPDB)" concerning Parks and the relevant pharmacies she owned.  The Board did not attach to its petition a copy of the language to which the order refers. See Rule 21(a)(1)(E), Ala. R. App. P. (requiring petitioner to append to the petition "copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition").  In the absence of that material, we cannot discern whether the information reported by the Board to the NPDB and appearing on the NPDB's Web site falls within the scope of the federal laws and regulations cited by the Board.  "A writ of mandamus is extraordinary relief and will not issue unless the right to the relief sought is clear and certain, with no reasonable basis for controversy."  Ex parte Toyokuni & Co., Ltd., 715 So. 2d 786, 788 (Ala. 1998).  Because it is not clear and certain that the circuit court violated federal law, the writ cannot issue.  I therefore dissent to any part of the main opinion requiring the circuit court to vacate, or to consider

20

Exhibit 5

2160266

vacating, that part of its January 5, 2017, supplemental stay
order directing the Board to remove its report from the NPDB
Web site.

    Thomas, J., concurs.

Exhibit 5