## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **PARKS PHARMACY, INC.** and | ) |
| **DEMETRIUS YVONNE PARKS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )     **CASE NO. 2:17-cv-503-MHT-DAB** |
| | ) |
| **CARDINAL HEALTH 110, LLC,** | ) |
| et al., | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiffs, Park Pharmacy, Inc. and Demetrius Yvonne Parks, sue Defendants, Cardinal Health 110, LLC; Cardinal Health 112, LLC; and Leader Drug Stores, Inc., in a three-count amended complaint alleging tortious interference with business relationships, tortious interference with a contract, and breach of contract. (Doc. 15). Defendants answered the amended complaint, denying any wrongdoing. (Doc. 18). Before the court is Defendants' motion for judgment on the pleadings and memorandum of law in support. (Docs. 22, 23). Plaintiffs filed a response in opposition to Defendants' motion. (Doc. 34). For the reasons that follow, the undersigned Magistrate Judge recommends Defendants' Motion for Judgment on the Pleadings (Doc. 22) be **denied**.

# I.  JURISDICTION

This case was removed from state court by Defendants pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).  The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both.  *See* 28 U.S.C. § 1391.  On October 17, 2017, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Judge Myron H. Thompson. (Doc. 33); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

# II.  STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  Under Rule 12(c), any party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  The "pleadings" include both the complaint and the answer, *see* Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading," Fed. R. Civ. P. 10(c).  In considering a motion for judgment on the pleadings, the court shall "accept as true all material

facts alleged in the non-moving party's pleading," and view them "in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335.

## III.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, Parks Pharmacy, Inc. and Demetrius Yvonne Parks, initiated this lawsuit in circuit court for Montgomery County in June 2017 against Cardinal Health, Inc., and LeaderNET, the business name of Cardinal Health, Inc. d/b/a LeaderNet. (Doc. 2-2).  On July 26, 2017, Defendant Cardinal Health, Inc. removed the case to this court.  (Doc. 2).  On September 1, 2017, Plaintiffs amended their complaint naming as Defendants, Cardinal Health 110, LLC; Cardinal Health 112, LLC; and Leader Drug Stores, Inc. (collectively "Cardinal Health").  (Doc. 15). Plaintiffs allege that in May 2014 representatives of Cardinal Health came to Montgomery, Alabama to solicit business from the Plaintiffs.  *Id.*, ¶ 4.  Plaintiffs appreciated the benefits to their business that Defendants' medications provided, and they gave Defendants ample business.  *Id.*, ¶ 5.  Plaintiffs and Defendants entered into a pattern of business which included certain agreements.  *Id.*, ¶ 6.  Plaintiffs' business became dependent upon Defendants' provision of their medical products and supplies.  *Id.*, ¶ 7.

Plaintiffs allege they were portrayed in an untrue negative light due to actions of competitor businesses which resulted in the Alabama Board of Pharmacy seeking legal action against them including penalties.  *Id.*, ¶ 8.  Plaintiffs appealed the ruling

of the Alabama Board of Pharmacy to the circuit court in Montgomery, and a stay
of the adverse ruling was issued. *Id.*, ¶ 9.

In October 2016, Montgomery resident, Sarah Tate, filed a lawsuit against
Defendants alleging violations of HIPAA laws, medical malpractice laws, and other
legal wrongdoings. *Id.*, ¶ 10. According to Plaintiffs, they prevailed on summary
judgment against Tate, and that action was dismissed. *Id.* Notwithstanding the
dismissal, Defendants cited the alleged HIPAA violations and malpractice as a basis
for discontinuing business with Plaintiffs. *Id.*, ¶ 11. Plaintiffs made multiple
attempts to reinstate business relationships with Defendants. *Id.*, ¶¶ 12, 14.
Defendants rejected Plaintiffs' attempts to invoke the grievance procedure in the
contract because that aspect of the agreement did not apply when Leadernet
terminated the agreement. *Id.*, ¶ 13. Plaintiffs contend that Defendants' unilateral
termination of the contract caused them "great damages" because Defendants
interfered with Plaintiffs' relationships with its customers and their contractual
relationships with insurance companies. *Id.*, ¶¶ 15–18.

Plaintiffs sued Defendants for tortious interference with business relationships
(Count I), tortious interference with a contract (Count II), and breach of contract
(Count III). Defendants answered, denying any wrongdoing (Doc. 18), and now
move for judgment on the pleadings (Doc. 22). Defendants argue they are entitled
to judgment on the pleadings because Plaintiffs were found to be in violation of

numerous Alabama Board of Pharmacy regulations in October 2016, which constituted a breach of their agreement with Defendants.   (Doc. 23 at 1). Additionally, Defendants argue that Plaintiffs are unable to identify the contracts and relevant provisions purportedly breached by Cardinal Health and Plaintiffs cannot plead their own performance under the contract due to their violations of state and federal pharmacy laws.  *Id.* at 2.  Defendants attach to their motion redacted versions of vendor and member pharmacy agreements (Docs. 23-1, 23-2), the Leader Managed Care Agreement (Doc. 23-3), the Alabama Board of Pharmacy's Final Order dated October 6, 2016 (Doc. 23-4), and the Alabama Court of Civil Appeals opinion dated June 9, 2017 (Doc. 23-5).

Plaintiffs respond to Defendants' motion by requesting a 90-day window to conduct discovery.  (Doc. 26).  Plaintiffs further argue that Defendants' motion is actually an untimely motion to dismiss, and Defendants should not be permitted to circumvent the discovery process provided for in the Federal Rules of Civil Procedure.  *Id.*  Plaintiffs request the opportunity to discover the full signed contracts at issue and depose witnesses.

## IV.   DISCUSSION

As a preliminary matter, the court observes that the Prime Vendor Agreement, AAP Member Certification Agreement, and the Leader Managed Care Participation Agreement contain choice-of-law provisions that dictate disputes under the

agreements are governed by Ohio law.  *See* (Docs. 23-1 at 23; 23-2 at 3; 23-3 at 7). "Federal courts sitting in diversity apply the forum state's choice-of-law rules." *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co*., 135 F.3d 750, 752 (11th Cir. 1998).  Pursuant to Alabama's choice-of-law provisions and provided that the law is not contrary to Alabama policy, "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Benchmark Med. Holdings, Inc. v. Rehab Sols*., LLC, 307 F. Supp. 2d 1249, 1259 (M.D. Ala. 2004) (citing *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991)).  Given the choice-of-law provisions contained in the agreements, Ohio law governs Plaintiffs' breach of contract claim here.

"Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp*., 678 F.3d 459, 465 (6th Cir. 2012) (citations omitted). Defendants argue Plaintiffs' breach of contract claim must fail because Plaintiffs do not attach the contracts at issue or identify the provisions breached by Defendants. In response, Plaintiffs contend they need discovery regarding the contracts at issue. "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moore v. Liberty*

*Nat'l Life Ins. Co.,* 267 F.3d 1209, 1213 (11th Cir.2001) (internal marks omitted), *cert. denied*, 535 U.S. 1018 (2002).  Construing the facts in a light most favorable to Plaintiffs as the non-moving parties and given the complete lack of any discovery, the court cannot say with certainty on this record that Plaintiffs can prove no set of facts which would entitle them to relief.  As such, the court finds that judgment in Defendants' favor is premature, and Plaintiffs should be given the opportunity to conduct discovery as provided for under the federal rules.

The tort claims asserted here are governed by Alabama law.  *See Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (adhering to the traditional approach that an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.).  In Alabama, a plaintiff may pursue two separate causes of action for tortious interference with a contract and tortious interference with a business relationship. *White Sands Grp., L.L.C. v. PRS II, LLC*, 998 So. 2d 1042, 1054 (Ala. 2008) ("tortious interference with a contractual relationship is a claim separate and distinct from interference with a business relationship or expectancy").  The elements of a claim for tortious interference with a business relationship include: "(1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." *White Sands Grp., L.L.C. v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala.

2009).  The existence of a binding contract is one factor to consider, but it is "not necessary that the prospective relation be expected to be reduced to a formal, binding contract." *Id.* at 15 (citing Restatement § 766B cmt. c.).  The question becomes "when has 'an expectancy ... matured to the stage that it is deemed worthy of protection from interference.'"  *White Sands Grp., L.L.C.*, 32 So. 3d 5 (citing Orrin K. Ames III, *Tortious Interference with Business Relationships: The Changing Contours of this Commercial Tort*, 35 CUMB. L. REV. 317, 330 (2004–2005)).

The elements of a claim for tortious interference with a contract are the same, but for the first element.  "Tortious interference with contractual relations … differs as to the first element above because a claim of tortious interference with a contractual relationship presupposes the existence of an enforceable contract. … Otherwise, the elements of both torts overlap." *Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1177 (M.D. Ala. 2010) (internal citation and quotation marks omitted).  Defendants contend that both claims fail because they are not a "stranger" to the relationship.  As noted above, Plaintiffs seek discovery regarding the contracts.  Specifically, Plaintiffs request the opportunity to request complete copies of the contracts and to depose witnesses about the terms of the agreements.  While Defendants may ultimately prevail on the element that they are no stranger to the relationship, at this juncture in the proceedings, the court finds that Plaintiffs are entitled to some discovery to fully develop the record on the issues.

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' Motion for Judgment on the Pleadings (Doc. 22) is due to be **DENIED**.

## VI.   NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **February 13, 2018**.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; *see also* 28 U.S.C. § 636(b)(1).

**DONE** and **ORDERED** this 30th day of January 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE